VERNON I. ZVOLEFF (SBN 81380)
vernon.zvoleff@dbr.com
BENJAMIN J. HOLL (SBN 200630)
benjamin.holl@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:    (415) 591-7500
Facsimile:     (415) 591-7510

Attorneys for Defendant
MCNEIL-PPC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA ISAID,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCNEIL-PPC, INC. and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

**TO THE CLERK OF COURT:**

COMES NOW Defendant, McNEIL-PPC, Inc. ("McNEIL" or "Defendant") and gives notice, with full reservation of all defenses, that this cause is hereby removed from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California. As grounds for its notice of removal, McNEIL asserts the following:

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. See 28 U.S.C. §§ 1441, 1446(b).

2.   Plaintiff Lana Isaid ("Plaintiff") filed this action, case number RG11606586, in the Superior Court of the State of California for the County of Alameda, against McNEIL. A true and correct copy of the Summons, Complaint and Exhibits to the Complaint, which are copies of

---

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF ACTION
SF01/808777.1

CASE NO. _____

1   all process, pleadings and orders of which McNEIL has received, are attached as Exhibit 1 to the
2   Declaration of Benjamin J. Holl in Support of Removal of Action Under 28 U.S.C. §1441 ("Holl
3   Dec."). A true and correct copy of the Answer and Defenses to Complaint that McNEIL filed and
4   served in the State Court Action is attached as Exhibit 2 to the Holl Dec.

5       3.    Plaintiff alleges to have been injured by the ingestion of Tylenol and asserts claims
6   for strict products liability, negligence, breach of warranty and intentional infliction of emotional
7   distress.

### Jurisdiction (Civil L.R. 3-5(a))

    4.    This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND DEFENDANT

    5.    Upon information and belief, Plaintiff is, and was at the time of institution of the case, a resident of Amman, Jordan.

    6.    Defendant McNEIL is a New Jersey corporation with its principal place of business in New Jersey.

    7.    Although Plaintiff has sued unknown Defendants, Does 1 through 10, the citizenship or residence of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(a).

### II. DEFENDANT'S NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(B)

    8.    The United States Code provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION                                - 2 -                        CASE NO. _____
SF01/808777.1

9. Upon information and belief, Plaintiff filed her Complaint on December 1, 2011, and McNEIL was served with a copy of the Complaint on December 5, 2011. Accordingly, this Notice is filed within 30 days of service, and defendant McNEIL has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

### III.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10. Although Plaintiff alleges that her aggregate damages exceed $25,000, Defendant reasonably believes the amount in controversy exceeds $75,000.00. *See* Holl Dec., ¶ 6; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). Plaintiff asserts claims for strict products liability, negligence products liability, breach of implied warranty and merchantability and intentional infliction of emotional distress, and Plaintiff seeks to recover "compensatory damages, past, and future economic damages, and past and future noneconomic losses including pain and suffering." Compl. at ¶¶ 25 and 63. Plaintiff also seeks to recover punitive damages in her "Prayer for Relief." Compl. p. 10.

11. Other cases brought by plaintiffs alleging similar causes of action and seeking to recover similar damages have resulted in verdicts in excess of $75,000, exclusive of interest and costs. (Benjamin Holl's Decl. at ¶ 6)

12. Therefore, Defendant reasonably believes the injuries alleged in the Complaint and the extensive and varied damages sought by Plaintiff exceed $75,000, and the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

13. As set forth above, this Notice of Removal is filed within thirty days of the receipt of a copy of this Complaint by defendant McNEIL. 28 U.S.C. § 1446(b).

14. The sole defendant joined in this action, McNEIL, has filed this Notice of Removal.

15. No other defendant has sought similar relief. Accordingly, the prerequisites for removal under 28 U.S.C. § 1441 have been met.

#### Intra-district Assignment (Civil L.R. 3-5(b))

16. Pursuant to Civil Local Rule 3-2, the San Francisco and Oakland Divisions are the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF ACTION
SF01/808777.1
- 3 -
CASE NO. _____

1  proper divisions for removal and assignment of this action.

2      17.    A notice of filing of this Removal will be filed with the Superior Court of the State
3  of California for the County of Alameda and served upon Plaintiff.

4      18.    If any question arises as to the propriety of the removal of this action, McNEIL
5  requests the opportunity to present a brief and oral argument in support of its position that this
6  case is removable.

## V. CONCLUSION

WHEREFORE, Defendant McNEIL removes this case to the United States District Court for the Northern District of California, the district of said Court for the County in which said action is pending, and McNEIL prays that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the clerk of the Superior Court of the State of California for the County of Alameda shall effect the removal of said suit to this Court.

Dated: December 23, 2011                  DRINKER BIDDLE & REATH LLP

By: _____
    Benjamin J. Holl

Attorneys for Defendant
MCNEIL-PPC, INC.