VERNON I. ZVOLEFF (SBN 81380)
vernon.zvoleff@dbr.com
SALLY F. WHITE (SBN 273765)
sally.white@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:     (415) 591-7500
Facsimile:      (415) 591-7510

ELIZABETH MOCCALDI (*pro hac vice*)
liz.moccaldi@butlersnow.com
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, TN  38119-1443
Telephone:     (901) 680-7536
Facsimile:      (901) 680-7201

Attorneys for Defendant
MCNEIL-PPC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA ISAID,<br><br>               Plaintiff,<br><br>v.<br><br>MCNEIL-PPC, INC. and DOES 1 to 10,<br><br>               Defendants. | Case No. CV 11-~~0663~~ 6633 TEH<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING CONFIDENTIAL INFORMATION** |

WHEREAS, certain documents and information may be sought, produced, or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' confidential and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c); and

STIPULATION & [PROPOSED] ORDER
REGARDING CONFIDENTIAL INFORMATION                                                                          CASE NO. CV 11-0663 TEH

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WHEREAS, the parties will provide a significant amount of discovery materials in this Action and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS THEREFORE STIPULATED, by the parties through their respective counsel, as follows:

**Scope**

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

2. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Order.

3. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

4. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

**Confidential Information**

5. "Confidential Information," as used herein, means information of any type, kind or character that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)(1)(G), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise

revealed. Any transcript of an in camera hearing shall be treated as confidential pursuant to this Order.

6. Specific documents and discovery responses produced by a Supplying Party may be designated as containing Confidential Information by marking the pages of the documents, or copies thereof, with the words "Confidential Information – Subject to Protective Order" without obscuring any part of the text. Such a designation shall subject the document and its contents to this Order.

7. Any material produced or provided in this Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

8. Information disclosed at any deposition taken in connection with this Action may be designated by any party as Confidential Information in accordance with the procedures set forth below. All testimony provided at deposition shall be considered Confidential Information for a set period of time as set forth below and the court reporter shall mark all pages of deposition testimony taken in this Action with the designation "Confidential Information — Subject to Further Confidentiality Review." In order to maintain the Confidential Information status of such testimony, a party must notify all other parties and the court reporter in writing within forty-five (45) days of receipt of the final transcript of the conclusion of a witness' testimony of the specific pages and lines of the transcript that should be treated as confidential. Only those portions of the transcript so designated at the end of that 45 day period shall be deemed Confidential Information.

**Confidential Information Produced in Electronic Form**

9. This Order will also govern the use and distribution of Confidential Electronic Information.

10. The designation by the Supplying Party of the storage medium containing Confidential Electronic Information shall serve to designate each of the files on the medium.

11. Where the Receiving Party seeks to share Confidential Information with permissible parties as described herein, the Receiving Party shall mark printouts of Confidential Electronic Information with the legend, "Confidential – Subject to Protective Order" prior to disseminating the Confidential Information.

12. The Receiving Party shall mark the storage medium of any permissible copies of the Confidential Electronic Information with the legend "Confidential – Subject to Protective Order."

13. The Receiving Party shall use reasonable efforts to prevent Confidential Electronic Information from being stored in a computer to which individuals not authorized under this Order to view Confidential Information have access. The Receiving Party shall also take reasonable steps to ensure that printouts and copies of Confidential Electronic Information maintained by the Receiving Party are kept in a manner that will prevent unauthorized users from viewing the printouts or copies.

**Permissible Disclosure of Confidential Information**

14. The Receiving Party may show and deliver Confidential Information only to the following people:

    (a) Plaintiffs' counsel of record, including attorneys, clerical, secretarial and other staff employed or retained by such counsel;

    (b) outside counsel for Defendants, including attorneys, clerical, secretarial and other staff employed or retained by such counsel;

(c)     designated in-house counsel for Defendants, including the clerical, secretarial and other staff working directly for in-house counsel in the legal department;

(d)     with respect to any Confidential Information produced by any Plaintiff or third-party Plaintiff, any employee of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

(e)     experts and consultants retained by any Party for purposes of assisting the Parties and their attorneys of record in the preparation and presentation of the claims or defenses in this case if the proposed recipient signs the attestation attached as Exhibit A; however, if any Plaintiff wishes to disclose Confidential Information to such an expert or consultant who is or has been within the past six (6) months an employee, officer, director, agent, contractor, subcontractor or non-litigation consultant of any company that manufactures, markets, distributes, or sells pharmaceuticals, the party wishing to make such disclosure shall provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection. If the Supplying Party objects to the proposed disclosure, it shall within ten (10) days (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and/or (2) submit such papers and argument as it may feel are necessary to allow the Court to make an informed decision.

|   |   |
|---|---|
|   | Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine whether prior to making any disclosure whether the proposed recipient is a person described in this paragraph; |
| (f) | Judges and court reporters, court personnel or videographers present at trial, conferences, hearings, arguments or depositions held in this case, subject to the terms set forth below; |
| (g) | any Special Master appointed by the Court in this case, and any members of their staffs to whom it is necessary to disclose the information; |
| (h) | Subject to the provisions of paragraph 8, the Receiving Party may show Confidential Information to a witness during a deposition, hearing, or trial in this case. Confidential Information shown to any witness during a deposition shall not lose its Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If, after a deposition is noticed or a hearing or trial is set, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying Party shall attempt to confer with counsel to resolve the issue. If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief. Furthermore, any deponent, other than a current employee of the Supplying Party or the author or recipient of a document containing Confidential Information, shall be shown a copy of this Order before being shown or examined about |

Confidential Information, and the terms of this Order will apply to any deponent who is shown or examined about Confidential Information;

(i) with respect to any Confidential Information produced by any Plaintiff or third-party Plaintiff, any treating physician or health care provider of the Plaintiff to whom it is necessary to disclose such information for the purpose of assisting in or consulting with respect to, the preparation of this case;

(j) other persons who may be specifically designated by consent of the Supplying Party or pursuant to Court Order; and

(k) any physician who treated a plaintiff for whom there is a litigation need to disclose Confidential Information produced by Defendant if the physician signs the attestation that is attached hereto as Exhibit A.

15. Confidential Information shall not be disclosed or made available to persons other than those listed above.

16. All persons to whom Confidential Information is provided under this Order shall be furnished with a copy of this Order and shall be bound by its terms, and counsel for each party shall maintain a log of all persons to whom they have provided a copy of this Order. Furthermore, prior to the disclosure of Confidential Information to any person identified in Paragraph 14(e), 14(h), 14(i), or 14(k) hereof, besides being provided with a copy of this Order and agreeing to be bound by its terms, such person shall also execute a copy of the attestation which is attached as Exhibit "A." Counsel for the Party to whom the Confidential Information was produced shall obtain and maintain a copy of the executed attestations.

17. With respect to a testifying expert designated by any Party in this case, a copy of such attestation shall be produced at the time the expert is deposed.

18. Before disclosing Confidential Information to any person who is, independent of this litigation, a current director, officer, employee of, or counsel for a company other than Defendants that is marketing or has in development any acetaminophen product, or a consultant, other than an occasional consultant, who is currently consulting with respect to any acetaminophen-containing product, the party wishing to make such disclosure shall give at least ten (10) days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion. Alternatively, the party wishing to make such disclosure may provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and/or (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision. Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this paragraph.

**Use of Confidential Information**

19. All Confidential Information produced or exchanged in the course of this Action shall be used solely for the purpose of preparation and trial of this Action and shall not be used in connection with any other matter or for any other purpose. Confidential Information shall not be disclosed to any person except in accordance with the terms hereof.

20. Nothing contained herein shall be deemed to restrict in any manner any Party's use of its own Confidential documents or materials.

21. Nothing herein shall affect the right of any Party to seek additional protection against the disclosure of any documents or materials.

**Protection of Confidential Information**

22. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order. In addition, any summary or copy of information shall be subject to the terms of this Order to the same extent as the information or document of which such summary or copy is made, and must be clearly labeled "Confidential Information – Subject to Protective Order."

23. If Confidential Information in the possession of a Receiving Party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first waiting ten (10) business days after notifying (and confirming notification) counsel for the Supplying Party in writing of (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4)

the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

24. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information and to recover the Confidential Information received by each unauthorized person.

25. In the event a Supplying Party discovers after the production of any documents, materials, or information that it inadvertently produced or provided discovery of any Confidential Information without redacting, marking, or identifying it as confidential, the Supplying Party may provide written notice to the Receiving Party that the document, thing or other information, response, or testimony is Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such documents, things, information, responses, and testimony as Confidential Information, and upon receipt of properly marked documents, shall return the unmarked documents and things and shall not retain same, and shall take reasonable steps to ensure others have not retained copies thereof.

26. The disclosure of information or documents to any person not qualified to receive such information or documents pursuant to the terms and conditions of this Order, or without following the terms and conditions of the Order, may subject the person making such disclosure to a finding of contempt and the imposition of sanctions, costs or other penalty, as ordered by the Court.

27. The inadvertent production by any Party, whether in this Action or in any other proceedings, of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality shall not result in a waiver of any of the foregoing protections in this Action for the produced document or for any other privileged or immune documents containing the same or similar subject matter. Furthermore, irrespective of what may have already occurred or what may occur in the future in productions made during other proceedings, the fact of an inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or court-ordered confidentiality has been waived in such other proceedings. If any party should inadvertently produce a document, upon notice of such disclosure, all originals and copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be immediately returned to the Supplying Party, and such returned material shall be deleted from any litigation support or other database. If the Receiving Party wants to challenge the claim of privilege, work product, or other statutory or court-ordered confidentiality, it must also promptly present the information in dispute to the court under seal for a determination of the claim. The Supplying Party must preserve the information until the claim is resolved. If the Receiving Party does present the information in dispute to the court and its motion/challenge is denied, then the Receiving Party shall promptly comply with the provisions regarding the return of documents and materials derived from the privileged documents.

28. Nothing herein shall prevent disclosure beyond the terms of this Order if the Party designating the information as Confidential Information consents in writing to such disclosure or, if the Court, after notice to all affected parties and a hearing, orders such disclosure.

29. Within five (5) years after conclusion of any attorney's last case in this Action, including any appeals related thereto, all Confidential Information produced pursuant to this

Order, including all copies and notes taken from such information containing summaries of such Confidential Information (other than attorney work product which shall be clearly labeled as containing Confidential Information, and shall be maintained as confidential under the terms of this order), shall be destroyed by the party in possession thereof and certified to have been destroyed by an affidavit provided to the Supplying Party. This includes all Confidential Information provided to outside persons. Counsel for the party who disseminated the Confidential Information shall bear the burden of retrieving any such documents from outside persons and destroying those documents in accordance with this paragraph. All such destruction shall be completed in a manner reasonably calculated to preserve the confidentiality of the material both during and after destruction.

**Privilege Logs**

30. For discovery material withheld from production pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity, the designating party shall produce one or more privilege logs in Excel or a similar electronic form that allows text searching and organization of data. The designating party will produce a privilege log within 60 days following the production of documents from which the privileged documents are withheld. The log will be accompanied by a glossary of the names and affiliations of the legal personnel named in the log. The log will contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege:

  (a)   The name(s) of the person(s) who created and received the discovery material or a copy of it;

  (b)   The date on which the document was created and/or received; and

        (c)      A description of the nature of the document sufficient to enable the receiving party to assess the applicability of the privilege or protection.

31.    <u>Logging Emails</u>.  When there is a chain of privileged emails, the designating party need only include one entry on the privilege log for the entire email chain, and need not log each email contained in the chain separately.

32.    <u>Modifying Deadline for Privilege Logs</u>.  The parties may modify the deadlines for production of privilege logs by agreement.

33.    <u>Documents That Need Not Be Logged</u>.  Neither Plaintiffs nor Defendants are required to include on their privilege logs (a) privileged communications with outside counsel whose representation is relevant to the subject matter of this lawsuit or (b) redactions from produced documents, provided the reason for the redaction appears on the redaction label (e.g., Privileged, Work Product, Personal Information).

**Changes in Designation of Confidential Information**

34.    Any party may object to the propriety of the designation (or redesignation) of specific material as Confidential Information by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation, or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the document will have its designation removed unless within thirty (30) days after written notice that the parties' negotiations are ended, the Supplying Party moves the Court for an order upholding the designation. On such motion, the Supplying Party shall have the burden of proving that the material is Confidential Information. The material(s) in issue shall continue to be treated as Confidential Information unless and until the Court decides otherwise.

STIPULATION & [PROPOSED] ORDER
REGARDING CONFIDENTIAL INFORMATION    - 13 -    CASE NO. CV 11-0663 TEH

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material it has produced; provided, however, that such redesignation shall be effective only as of the date of the redesignation. The redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation and simultaneously producing a re-designated copy of such material.

**Filing Papers in Court Records**

 [This process is addressed by the Northern District's Local Rules]

36. All requests to submit to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing, or attaching Confidential Information, or to seal documents filed with the Court shall comply with Local Civil Rules 7-11 and 79-5.

**Miscellaneous Provisions**

37. The Receiving party, whether Plaintiff or Defendants, shall bear the cost of reproduction of all documents, materials, or other things, or portions thereof (and the information contained therein) which is stipulated to be eighteen cents ($.18) per page/image.  This fee is intended and construed only as a reimbursement for reproduction.  It does not indicate any transfer of ownership in the reproduced documents.

38. It is expressly understood by and between the Parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

39. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

40.     Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Defendants' ability to review Plaintiffs' information and report information to regulatory agencies.

IT IS SO STIPULATED.

Dated: October 30, 2012                            DRINKER BIDDLE & REATH LLP

                                                                          By:/s/ *Sally F. White*
                                                                             Sally F. White

                                                                             Attorneys for Defendant

Dated: November 1, 2012                            MEUSER LAW GROUP, INC.

                                                                          By: */s/ Mark P. Meuser*
                                                                              Mark P. Meuser

                                                                             Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____11/05_____, 2012          _____
                                                               The Honorable
                                                               JUDGE OF THE UNITED STATES
                                                               DISTRICT COURT

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA ISAID,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCNEIL-PPC, INC. and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No. CV 11-0663 TEH |

STATE OF　　　　　)
　　　　　　　　　) SS:
COUNTY OF　　　　)

　　I, _____, being duly sworn, state that:

　　My present address is _____. My present employer is _____ and the address of my present employer is

---

_____.  My present occupation is _____.

I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Order.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

I will return all Confidential Information that comes into my possession, and all documents and things that I have prepared relating thereto, to trial or outside counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
Signature

_____
Printed Name

Sworn and subscribed to before me this
\_\_\_\_\_ day of _____, 201\_\_\_.

_____
Notary Public

_____
My Commission expires: